MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of New Jersey |
|---|---|
| Name (under which you were convicted): Jeffrey Jones | Docket or Case No.: 12-CR-560-RBK |
| Place of Confinement: FCI McDowell P.O. Box 1009 Welch, WV 24801 | Prisoner No.: 41452-050 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. Jeffrey Jones | |

July 22, 2014

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court 401 Market St. Camden, New Jersey 08101

   (b) Criminal docket or case number (if you know): 12-CR-560-RBK.

2. (a) Date of the judgment of conviction (if you know): February 13, 2013.

   (b) Date of sentencing: February 13, 2013.

3. Length of sentence: 20 years + 12 years Supervised Release.

4. Nature of crime (all counts): COUNT ONE:
   21 U.S.C. Section 846, Conspiracy to Distribute/Possession with intent to Distribute Cocaine Base (crack cocaine).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   Plead guilty to COUNT ONE, See paragraph 4, Supra.

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐  Judge only ☐

N/A

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐     No ☒
8. Did you appeal from the judgment of conviction?                        Yes ☐     No ☒
9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

N/A

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?   Yes ❑ No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1) First petition:   Yes ❑ No ❑

(2) Second petition:   Yes ❑ No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly

why you did not: ___My attorney was clearly + concededly ineffective assistance of counsel.___

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts and law supporting each ground.

GROUND ONE: ___Whether Jones's Section 2255 (f) 2, 3+4, is timely because of mitigating factors, excusable neglect___

(a) Supporting facts and law (State the specific facts and law that support your claim.):

___modified Categorical approach "Alleyne, O'Brien, Error" Retroactivity (f)(3), Governmental "impediment (f)(2); + Not because of Jones's lack of Due Diligence (f)(4), which may facilitate "excusable neglect" for Jones's 5 or 6 weeks belatedness as Jones shown "good cause" + "good faith" meeting the "cause + prejudice prongs" allowing for this Court to entertain this instant Writ of Habeas Corpus, failure to do so Would generate a core fundamental miscarriage of Justice?___

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: ___My Lawyer was ineffective assistance of counsel.___

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___N/A___

Name and location of the court where the motion or petition was filed: ___N/A___

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐        *N/A*

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal
or raise this issue:  My lawyer was ineffective
assistance of counsel.

_____

_____

_____

GROUND TWO: Whether the Government committed
Reversible "Discovery Error" by failing to

(a) Supporting facts and law (State the specific facts and law that support your claim.):
hand-over all exculpatory + impeachment
Brady, Giles + Giglio material evidence to
the Defense (Jones) within 14 Days of
Jones's arraignment violates Due Process
of the Fifth Amendment + Sixth Amend-
ments Jury Trial Right, specifically concerning
the government's 9 described CW-1-9's
witnesses whom both the government +
this Court stipulates on public Record Document
19, + Governments Justifications Feb. 9th 2013, stipulating
that all 9 cw's are murderers' etc, so supports?

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _My Lawyer was ineffective assistance of counsel._

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: My Lawyer was Ineffective assistance of counsel.

GROUND THREE: Whether the District court & Government committed reversible "Alleyne,

(a) Supporting facts and law (State the specific facts and law that support your claim.): Stirone, In re Winship, O'Brien, Ring, Cunningham, Jones, Apprendi, Hamling error" by failing to find Jones's extra 10 years 'enhancement's "Beyond A Reasonable Doubt" standard of proof & Not by the mere Preponderance of the evidence Low standard of proof, violates the 5th Amendment's Due process & 6th Amendment's Jury Trial Right 5th & 6th Amendment's Indictment & Notice clauses?

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: My lawyer was ineffective assistance of counsel.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ My Lawyer was ineffective assistance of counsel.

_____

GROUND FOUR: Did the District court & government commit reversible "Sentencing error,"

(a) Supporting facts and law (State the specific facts and law that support your claim.):

as Jones did Not & could Not have made a Knowing & intelligent Plea of Guilty. Since the government did Not hand over all exculpatory material within the meaning of Brady, Giles & Giglio evidence to the Defense (Jones) within 14 Days of Jones's arraignment, specifically concerning the government's 7 CW's critical Murderous witnesses in violation of Brady V. United States, also facilitated egregious gross governmental Misconduct?

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _My Lawyer Was ineffective assistance of counsel._

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order if available):_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _My Lawyer was ineffective assistance of counsel._

_Ground Five_
_Ineffective Assistance of Counsel._

13. Is there any ground in this motion that you have not previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _Grounds one, two, three, four + Five were not presented in Federal Court, because my lawyer was clearly ineffective assistance of counsel._

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N/A_

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Edward J. Plaza  321 Broad Street  Red Bank, New Jersey 07701_

(b) At arraignment and plea: _Same, supra._

(c) At trial: _Same, supra._

(d) At sentencing: _Same, supra._

(e) On appeal: _____ *N/A* _____

(f) In any post-conviction proceeding: _____ *N/A* _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ *N/A*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ *N/A*

(b) Give the date the other sentence was imposed: _____ *N/A*

(c) Give the length of the other sentence: _____ *N/A*

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Under 28 U.S.C. sections 2255 (f)(2) Governmental Impediment Jones was placed in SHU for over six months from Oct 2013 to May 2014 + Did Not receive his legal mail/legal work + access to the courts to timely file this instant writ of Habeas Corpus generating excusable neglect, good cause + Jones's good faith; 2255(f)(3) in the event Alleyne becomes retroactive to be placed in Abeyance; 2255(f)(4), Due Diligence, as Jones has clearly shown he has made a diligent effort to file this instant petition. Thus, Jones respectfully requests this court to reset the Dead line to file this Habeas Corpus petition until August 15th 2014, to avoid any potential Fundamental miscarriage of Justice + Due Process violations. See Memorandum of Law in Support pages 1-24.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _Allow, this untimely writ of Habeas corpus, be cause of excusable neglect; order, appointment of counsel._ or any other relief to which movant may be entitled. _Order, a meaningful evidentiary hearing; Deem, Jones's counsel a ineffective assistance;_

_Order, Government to comply with its automatic obligation to hand over all exculpatory material evidence to Jones;_

Signature of Attorney (if any)

_Order, this case to be reverse, vacated & remanded back to the district court_ I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct _& preclude_ and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _July 22_ _____ (month, date, year). _2014._ _10 years off Jones sentence._

Executed (signed) on _July 22, 2014_ (date).

_Signed under 28 U.S.C. Section 1746, under Penalties of Perjury, the above + the following to be true, correct & complete._

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion. _____

_____

_____

\* \* \* \* \*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

Jeffrey W. Jones )
Petitoner, )                         Civil Action Number:
 )
 )                         _____.
v. )
 )                         Criminal Action
United States of America )           # 12-CR-560-RBK.
(AUSA: Patrick C. Askin )            Judge: Robert B. Kugler.
Respondents. )                       July 29 ,2014.

**PETITIONER: JONES'S AFFIDAVIT/ MOTION VIA: FED.R.CIV.P. 56 (F), IN SUPPORT OF HIS SECTION 2255 (f) (2) GOVERNMENTAL IMPEDIMENT ARGUMENT, FOR JONES'S BELATEDNESS IN TIMELY FILING IT & REQUEST FOR ENLARGEMENT OF TIME UNTIL AUG. 15TH, 2014 TO FILE IT**

### Background

[1]   On October 2013, through May 2014, Respondents Dep't of Justice, facilitated an intentional Governmental impediment under 28 U.S.C. Section 2255 (f) (2) by placing Jones in SHU a special housing unit locked down for 6 months without access to the Courts, legal work, legal mail, telephone, computer e-mails, stamps, envelopes, copies & all communications with the out-side world, prevented Jones from a meaningful & diligent access to this Court to file his petition within the required 1 year plus 90 days, whether Jones did or did not file a Writ of Cert.

[2]   Moreover, Jones, thereafter, did not receive his legal-mail & legal work until July 2014, once he arrived at this instant designation FCI McDowell, West Virginia.

[3]               **Memorandum of Law**
                  **In Support of Supra**

This Court may grant and enlargement of time for Jones to file his Section 2255, after the deadline if the motion to enlarge time

shows proof of "good cause" and that failure to act (see supra) was the result of "excusable neglect".

See Fed.R.Civ.P. Rule 6 (b) (2), Donald v. Cook City Sheriff's Dep't, 95 F.3d 584, 558 (7th Cir.1996).

In determining whether there is **excusable neglect,** the Court should consider all of the following:

(1) The Prejudice to the NON- Movant;

(2) The length of the delay and it's potential impact on Judicial Proceedings;

(3) The reason for the delay and whether it was within the reasonable control of the movant, and;

(4) Whether the Movant acted in "good faith".

See Pioneer INV. Serve CO. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993); MCI Telecomm. Corp. v. Teleconcepts, INC., 71 F.3d 1086, 1097 (3rd Cir.1995).

Hence, Jones has clearly met all of the above four factors & has also shown "good cause & good faith" supporting excusable neglect.

## Conclusion

WHEREFORE, for all of the above specifically stated reasons Petitioner: Jones, respectfully requests the following relief from this Honorable Court:

**Grant,** Jones instant Motion/ Affidavit requests for an enlargement of time until Aug. 15th, 2014 to file his Section 2255 petition with supportive memorandum of law; & **Deem,** Jones's Section 2255 petition as timely because of 28 U.S.C Section 2255 (f) (2) Governmental impediment, allowing this Court to reset the limitation

2

date to August 15, 2014, because Jones has shown "good cause & good faith" supporting "excusable neglect" for not filing it timely because of Governmental impediments (f)(2); **Order,** appointment of Counsel; **Deem,** Jones has facilitated Due Diligence under 2255 (f) (4); to file his Section 2255 petition by Aug. 15th, 2014.

The above requests is to further the administration of Justice.

Signed under 28 U.S.C. Section 1746, under penalties of Perjury, the above & the following to be true, correct & complete. Pro-se.

Respectfully Submitted By
Petitioner/ Claimant/ Affiant:

_____
Jeffrey W. Jones
41452-050
FCI McDowell
P.O. Box 1009
Welch, West Virginia
24801

### Certificate of Service

I, Petitioner: Jones, hereby Certify that this Motion/ Affidavit was sent via: United States Mail/ Postaged Prepaid on this _____22_____ day of July, 2014, to the following:

Clerk of Court's
Clerk Office
U.S. District Court
United States Courthouse
401 Market Street
Camden, New Jersey
08101

AUSA: Patrick C. Askin
U.S. Attorney's
Office
United States Courthouse
401 Market St.
4th Floor
P.O. Box 2098
Camden, N.J.
08101

_____
Jeffrey W. Jones

3

UNITED STATES DISTRICT COURT **RECEIVED**
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

**JUL 25 2014**

AT 8:30_____M
WILLIAM T. WALSH CLERK

Jeffrey W. Jones )
Petitioner, )
)
) Civil Action
) #_____.
v. )
) Criminal Action
) # **12-cr-560-RBK**
United States of America )
(AUSA: Patrick C. Askin) ) Judge: Robert B. Kugler
Respondents. ) July 2̲2̲ ,2014.

PETITIONER: JONES'S AFFIDAVIT/ MEMORANDUM OF LAW IN SUPPORT
OF HIS 28 U.S.C. SECTION 2255 (F) (2); (F) (3); & (F) (4) MOTION
REQUESTING THIS COURT'S HABEAS INTERVENTION

Affidavit of Jones, via: Fed.R.Civ.P. Rule 56 (f), State as follows:

## Issues Presented For Review
## Timeliness

[1]  Whether Jones's Section 2255 (f) 2,3 & 4, is timely bec-
ause of mitigating factors, excusable neglect, modified Categor-
ical approach "Alleyne, O'Brien Error" Retroactivity (f) (3),
Governmental impediment (f) (2); & not because of Jones's lack
of Due Diligence (f) (4), which may facilitate "excusable neglect"
for Jones's 5 weeks belatedness as Jones shown "good cause",
"good faith" meeting the "Cause & Prejudice Prongs" allowing for
this Court to entertain this instant Writ of Habeas Corpus, fail-
ure to do so would generate a core fundamental miscarriage of
Justice ?

[2]  Whether the Government Committed Reversible "Discovery-
Error" by failing to hand over all exculpatory & impeachment Brady,
Giles, & Giglio material evidence to the defense (Jones) within
**14 Days** of Jones's arraignment violates Due Process of the Fifth-
Amendment & Sixth Amendment's Jury Trial Right, specifically

concerning the Government's 7 described CW1-7's witnesses whom
both the Government & this Court stipulates on Public Record *Exhibits:*
*Gov. 2-9-2013, p.3 Justif. , Doc.19 p.15 @ 14-22,* that all 7 are
murderers & Drug dealers with a questionable credibility problems,
among other things as the Public Records so supports ?

[3]  Whether the District Court & Government Committed Rever-
sible "Alleyne, Stirone, IN re Winship, O'Brien, Ring, Cunningham,
Jones, Apprendi, Hamling error" by failing to find Jones extra 10-
year enhancements "Beyond A Reasonable Doubt" Standard of Proof &
not by the mere preponderance of the evidence Low Standard of Proof,
violates the 5th Amendments Due Process & 6th Amendment's Jury Trial
Right, 5th & 6th Amendment's Indictment & Notice Clauses ?

[4]  Did the District Court & Government Commit reversible
"Sentencing Error", as Jones **did** **not** & **could** **not** have made a know-
ingly & intelligent plea of guilty, since the Government **did** **not**
hand over all exculpatory material **Brady, Giles** & **Giglio** evidence
to the Defense (Jones) within **14 Days of Jones's arraignment**, spe-
cifically concerning the government's 7 critical murderous witnesses
in violations of Brady v. United States, also facilitated egregious
gross Governmental Misconduct ? See **Local Rule 116.1(a)(5) (1990).**

[5]  Jones's Trial/ Sentencing Counsel was clearly & concededly
Ineffective Assistance of Counsel for intentionally failing to
hold the Government to it's automatic obligation to hand over all
exculpatory & impeachment material evidence to Jones within **14-**
**Days** of Jones arraignment & concerning Grounds 1-4, supra in vio-
lations of the 6th Amendment's Right to have Effective Assistance
of Counsel ?

[6]                          **Ground One**
                             **Timeliness**

Jones's instant Section 2255 (f), 2, 3, & 4 arguments supports
& excuses Jones's belated filing of this instant Section 2255
Petition with supportive memorandum of law.

Petitioner: Jones's 2255 Petition is timely according to Sec-
tion 2255 (f) (2) (Government's impediment); 2255 (f) (3) (Alleyne
case deemed Retroactive on collateral review) to be placed in
abeyance until such ruling; or 2255 (f) (4) the date on which facts
supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

[7]  See Grounds one through Five, supra.

Also the Government failed to hand-over its Fed.R.Crim.P. Rule
16 Discovery/ Inventory letter within 14 days of Jones's arraign-
ment. See Docket sheet in support herein.

[8]  According to Statutory laws 28 U.S.C. Section 2255.6 Sec-
tion 2255 (f) (4) resets the limitation date, moving it from the
time when the conviction became final... to the later fate on wh-
ich the particular claim accrued."

See Wims v. United States, 225 F.3d 186, 190 (2d Cir.2000) (in-
ternal citations omitted).

[9]  As such, if the limitations period is reset under (f) (4),
"the movant: **Jones** gets the benefit of a full year even if he de-
lays filing until the last minute of it."

See Ryan v. United States, 657 F.3d 604, 607 (7th Cir.2011).

[10]  Moreover, "[w]hether **due diligence** has been excercised
is a fact specific inquiry unique to each case." United States v.
Crawley, No. 07-CR-488, 2012 U.S. Dist. LEXIS 932, 2012 WL

324402, a-2 * (E.D. Va. Jan. 5, 2012) (citing Wims, 225 F.3d at
190-91).

[11]  "It is the Petitioner's burden to prove that he exerc-
ised due diligence." Id. (citing Dicenzi v. Rose, 452, F.3d 465,
471 (6th Cir.2006)).

[12]  In Petitioner: Jones's instant case the Government/ Re-
spondents intentionally failed to hand-over "all" exculpatory &
impeachment material evidence within 14 days of Jones's arraignment
(see Local Rules 116.1 (a) (5) (1990) & 116.1 (c)).

Concerning specifically its **Now** publicly known witnesses, whi-
ch during Jones's case most of the Government's & Court's descr-
ibed witnesses were categorized as CW-1 through CW-7.

Now years later they are specifically described as:

1. Raymond Morales
2. Darnell Tuten
3. Trevor Smith
4. Troy Clark
5. Arron Burkes
6. Jermaine Coleman
7. Kareem James

[13]  And specifically, according to the Government document
Justifications dated _Feb. 9th 2013_ , page___3_____
paragraph___Five_____, described all 7 cw's as murderers &
hardcore criminal drug dealers and according to the Court on docu-
ment #__19___, dated _2-13-2013_, page____15,_____paragraph
_14-22___, also Stipulated that all of the Governments witn-
esses have serious credibility problems including they have adm-
itted to serial acts of murder & other very serious violent fel-
onies.

None of which were turned over to Jones within 14 days of Jones's

4

arraignment within the meaning of Brady, Giles & Giglio, according to the Local Rules of the United States District Court's Nation-Wide. See Local Rule 116.1 (a) (5) (1990) & Local Rule 116.1 (c) & Local Rule 42 (a) (5) (1986), the Government in Jones, supra intentionally failed to do so.

[14]   The concealed, under seal & withheld documents FBI's FD 209's & 302's with inserts & DEA 6's & 7's, as well as prosecutorial notes concerning the multiple serial acts of murders that CW- 1 through CW 7's (1) Morales (2) Tuten (3) Smith (4) Clark (5) Burkes (6) Coleman (7) James, have either admitted to committing contained core exculpatory & impeachment material evidence **Was Not** handed over to Jones within 14 days of Jones's arraignment as required under the Local Rules, supra.

[15]   Moreover, the Government also failed to hand over its Fed.R.Crim.P. Rule 16 Discovery/ Inventory letter describing supra.

[16]   Hence, Jones has clearly met the Due Diligence prong under Section 2255 (f) (4) allowing him to be excused for his belateness to file this Section 2255 timely.

[17]   MOREOVER, "[w]hether **Due Diligence**, has been exercised is a fact specific  (see supra) inquiry to each case.

See USA v. Crawley, No. 07-CR-488, 2012 U.S. District LEXIS 932, 2012 WL 32402, at * 2 (E.D. Va. Jan. 5, 2012) (citing Wims, 225 F.3d at 190-91).

It is the Petitioner's burden to prove that he or she exercised due diligence." Id (citing Dicenzi v. Rose, 452 F.3d 465, 471 (6th Cir.2006)).

[18]   While "maximum feasible diligence" **is not required**, the Petitioner must show "reasonable diligence in the circumstances."

See El-Abdu'llah v. Dir., Va Dep't Corr., No. 07-CV-494, 2008 U.S. Dist. LEXIS 43929, 2008 WL 2329714, at * 2 (E.D. Va, June 4,- 2008) (quoting Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.2004)).

[19]   In Jones he has clearly & concededly proven that equitable tolling is appropriate in his case for his **Not** filing his Section 2255 within the 1 year plus 90 days (writ of cert. request) within the applicable Statute of limitations.

See Clay v. USA, 537 U.S. 522 2003); (explaining that prisoner (Jones) has 1 year **plus 90 days** to file a Section 2255 petition timely after either Sentence or Appeals Court decision).

[20]   Jones's, would be approximately 6 weeks late, however, Jones was in transit & without his legal work & legal mail for that time period, which should be considered by this Honorable Court as "excusable neglect" as Jones contends that he has also shown "Good Faith" & "Good Cause" for his filing this instant writ of Habeas Corpus late, see supra.

[21]   Hence, Jones, respectfully requests this Court to excuse Jones belatedness and allow Jones to file this instant petition, by granting Jones an enlargement of time of 60 days to properly file this motion under Fed.R.Civ.P. Rule 6 (b) (2), until August 15, 2014.

See Donald v. Cook City Sheriffs Dep't, 95 F.3d 548, 558 (7th-Cir.1996) held: "In determining whether there is "excusable neglect" the Court should consider all of the following:

1. The Prejudice to the Non- Movant;

6

2.  The length of the delay and its potential impact on Judicial proceedings;

3. The reason for the delay & whether it was within the reasonable control of the movant (Petitioner: Jones) and

4.  Whether the Movant/ Petitioner: (Jones) acted in **good faith**;

See Pioneer INV. SERVS. Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993); MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3rd Cir.1995).

[22] Jones, contends & has demonstrated that his claims should be subject to equitable tolling.

See Pace v. DiGuglielmo, 544 U.S. 408, 418 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

**Jones was in SHU & hold overs for over 6 months From: Oct. 2013 to April/ May, 2014 without any access to the Courts legal work etc:**

"Equitable tolling is appropriate in those rare instances where due to circumstances external to the party's (Jones's) own conduct (Jones placed in hold-overs & SHU for over 6 months without access to the Court's, his legal material, stamps, copies, envelopes etc.,) & under Section 2255 (f) 2, 3 & 4 supra, it would be unconscionable to enforce the limitations period against the party (Jones) and gross Injustice would result, if this Court denies Jones's instant writ of Habeas Corpus as being untimely."

See Green v. Johnson, 515 F.3d 290, 304 (4th Cir.2008), (quoting; Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003)).

[23]  Jones has met the burden & has shown: (1) that he has been pursuing his rights diligently, and (2) that some extra ordinary circumstance (Government's failure to hand over all excul-

7

patory & impeachment, Brady, Giles & Giglio evidence over to Jones within 14 days of Jones's arraignment).

See Local Rules 116.1 (a) (5) 1990; Local Rule 116.1 (c) & Local Rule 42 (a) (5) 1986, concerning its witnesses: CW 1- through-CW 7, whom has been recently publicly known thereafter, Jones was already sentenced, & convicted the government intentionally failed to officially hand-over the following names of CW-1 through CW-7:

1. Raymond Morales;
2. Darnell Tuten;
3. Trevor Smith;
4. Troy Smith;
5. Arron Burkes;
6. Jermaine Coleman
7. Kareem James, all have recently admitted to committing serial

acts of murders, Rapes & other egregious conduct.

[24] This discovery was **Never** handed over to Jones, had the Government complied with its automatic obligation to do so, there is both a reasonable & actual probability of a different result, Jones, may have elected to go to trial & the result may have been different much more favorable to Jones.

[25] The above clearly contributed to Section 2255 (f) (2) Governmental Impediment argument supporting Jones.

[26] In sum, Jones contends he has shown & demonstrated **"excusable neglect"** & shown **"good cause"** & good **faith,** concerning supra.

Failure for this Court to allow Jones's instant request for this Habeas Court's intervention under Section 2255 would inherently deny Jones's substantial Constitutional Rights & Preclude Jones's debatable Procedural & Constitutional issues to be heard by this Honorable Court & generate a manifest Injustice.

8

[27]                    Relief Requested

**Allow,** Jones's instant belated Section 2255 to be considered
filed timely, because of excusable neglect & supra, & **Allow,** Jo-
nes to file it by August 15, 2014.

[28]                        **Ground Two**

   The Government Committed Reversible "Discovery Error" by
failing to hand over all "exculpatory & impeachment Brady, Giles
& Giglio material evidence to the defense (Jones) within 14 days
of Jones's arraignment within the meaning of Brady, Giles & Giglio,
as required under the Local Rules of the United States District
Court's Nation-Wide, violated the 5th Amendments' Due Process
& 6th Amendment's Jury Trial Right.

   Specifically, concerning the Government's critical witnesses:
CW-1 through CW-7, which have been recently publicly known long
after Jones pled guilty, convicted & sentenced to 20 years in pr-
ison.

   Through Due Diligence by Jones, he recently discovered that
CW-1 through CW-7 are publicly known as:

   1. Raymond Morales;

   2. Darnell Tuten;

   3. Trevor Smith;

   4. Troy Clark;

   5. Arron Burkes;

   6. Jermaine Coleman;

   7. Kareem James;

   [29]   The Government also failed to handover its Fed.R.Crim.P.
Rule 16 Discovery Inventory letter within 14 days of Jones's arra-
ignment as the criminal Docket sheet under USA v. Jones, Criminal
Action # 12-560-RBK. (D.New Jersey/Camden), under the **Local Rules**
**116.1 (a)(5) 1990 & 116.1 (c).**

                              9

[30]   According to the public records both the District Court and Government clearly stipulated that:

All CW-1 through CW-7's witnesses has serious credibility problems & that they have admitted to committing serial acts of murder, see the specific record:

See USA v. Jones, # 12-560-RBK, (D.N.J.) (Camden) sentencing 2-13-2013 page 15 lines 10-19.

**The Court**: that this is from the Government's perspective atleast the best of a lot of bad options. They've set forth difficulties they would have in trying to prove what is a rather **old-crime** at this point.

He (Jones) does not appear in any wiretapes or other kind of direct evidence.

They (Government/ Respondents) would have to rely entirely on testimony of **Murderers and drug dealers** in order to make this case and **not** that they can't do it. I've seen it done.

We've all seen that done. I'm not terribly impressed with the Government's argument that they would rather spend the resources that would take to prove this case elsewhere.

I mean spending resource  is what the prosecuting authorities have to do in the right circumstances. **But it is difficult case to prove**.

See Exhibit: USA v. Jones, # 12-560-RBK. (D.N.J./ Camden Division) sentencing transcripts page 15 paragraphs 10-19. In Support herein.

[31]   Also see page 19, paragraph 18 **The Court I'll advise him** (Jones) that he has a right to appeal. This alone should be suffi-

cient to out-weigh any appeal waiver granting Jones his right to appeal using this instant "Writ of Habeas Corpus."

Thus, this Court has core jurisdiction to entertain this Habeas request herewith. See Exhibit enclosed herein.

[32] Also see: **Government's Submissions,** dated February 9th, 2013, page 3 **And Government's Supplemental Sentencing Memorandum** sent to Judge: Kugler by AUSA: Patrick Askin.

**Justifications for the recommended sentence AUSA: Patrick Askin:**

The Government's case is largely base on the testimony of cooperating witnesses (CW-1 through CW-7, supra) who are themselves drug traffickers, many of whom have admitted that they have committed acts of violence (including drug related murders), in furtherance of their criminal objectives, and who are testifying in hopes of receiving a reduced sentence.

Their credibility will certainly be aggressively challenged by the defense at trial.

[33] The above public recorded records independently corroborated that in-fact core exculpatory & impeachment material Brady, Giles & Giglio evidence exists concerning this particular case and that the government intentionally failed to hand it over to.....
..............Jones timely within 14 days of Jones's arraignment & there-after, this includes FBI FD 209's & 302's with inserts & DEA 6's & 7's, as well as prosecutorial discoverable notes taken during numerous & extensive debriefings with Federal & State Law Enforcement agents & prosecutors. **Local Rules 116.1(a)(5) 1990 &** **116.1(c).**

11

[34]         **Memorandum of Law In Support**

The Government intentionally failed to hand over all of the above Government & Court's stipulated Discovery concerning all of its CW-1-through CW-7's witnesses: **Morales**, **Tuten**, **Smith**, **Clark**, **Burkes**, **Coleman**, & **James**, whom are all **Now** publicly known Government witnesses whom all have admitted to serial acts of mur-derers & other violent crimes as well as various drug crimes, whi-ch is clearly considered core exculpatory & impeachment material Brady, Giles & Giglio evidence that was concealed from Jones.

[35]  Under the Local Rules in effect when CW-1 through CW-7, now publicly known as: **Morales**, **Tuten**, **Smith**, **Clark**, **Burkes**, **Coleman**, & **James**, to have admitted to committing serial acts of murder, Rapes & other violent & drug crimes & other recanted acc-ounts favorable to Jones, the prosecution (AUSA: _Patrick Askin_), was required to turn over automatically all written material Con-stituting "exculpatory evidence **within the meaning of** Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (19-63) and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) Local Rule 116.1 (a) (5) (1990) & this Court's equivalent.

[36]  The Rule required initial disclosure **within fourteen days of** (**Jones's**) **arraignment** (date: _2-15-2012_) from that point forward, the Government (AUSA: _Askin_ ), had a continuing duty to supplement its original disclosure if and when new material sur-faced. See id. Local Rule 116.1 (c).

[37]  Here in Jones, the government intentionally failed to do

12

so concerning its CW-1 through CW-7's now publicly known witnesses: **Morales**, **Tuten**, **Smith**, **Clark**, **Burkes**, **Coleman** & **James** concerning their admitted serial acts of murders & other extreme violent crimes & drug events, is clearly core "exculpatory & impeachment material evidence **within the meaning**-- of Brady, Giles & Giglio & was not handed over to Jones within 14 days of his arraignment as required under Local Rules 116.1 (a) (5) (1990) & 116.1 (c)."

With the above preclusion of "exculpatory & impeachment" evidence, not handed over to Jones within 14 days of his arraignment precluded Jones from making an "intelligent" plea of guilty & placed Jones in an untenable position to plead guilty.

[38]  Thus, there is both a reasonable & actual probability had the above specific discovery been handed over to Jones timely within 14 days of his arraignment, Jones may have elected to go to trial & would not have plead guilty & there is also both a reasonable & actual probability that the above favorable evidence would have changed the out-come of Jones's case, much more favorable to Jones.

[39]  The District Court & Government clearly on public record "vouchsafed" that this discovery clearly exists see--public records: USA v. Jones, # 12-560-RBK (D. New Jersey/ Camden) sentencing transcript, dated 2-13-2013 page 15 lines 10-19, in support by the Court.

[40]  Also see: **Government's submissions** dated February 9th, 20-13, page 3 and **Government's supplemental sentencing Memorandum** sent to Judge: Kugler by AUSA: Patrick Askin also see **Justifications for the recommended sentence by AUSA: Patrick Askin**. In support

13

herein.

[41] The Local Rules required automatic disclosure of all evidence within the Government's/ AUSA: Patrick Askin's ken that tended to negate a defendants (Jones's) guilt or punishment: See Local Rule 42 (a) (5) 1986, & this Court's equivalent.

[42] The Local Rules were amended to impose an additional requirement on its own initiative provide the defendant (Jones), with any & all exculpatory evidence that might be used to impeach witnesses: CW-1 through CW-7's: now publicly known as:

**Morales**, **Tuten**, **Smith**, **Clark**, **Burkes**, **Coleman** & **James**, whom the Government intended to call at trial as well as other witnesses.

[43] There is a presumption that prosecutors AUSA: **Patrick-Askin**, can be relied on to perform their offical duties properly.

Ramirez v. Sanchez-Ramos, 438 F.3d 92, 99 (1st Cir.2006).

[44] AUSA: Patrick Askin, whom represents the government against Jones, intentionally failed to properly perform his official duties concerning Jones, as seen supra.

Thus, cause a highly prejudicial result against Jones's, substantial constitutional rights.

[45] **Relief Requested**

**Deem**, Government violated its automatic obligation to handover all exculpatory & impeachment material evidence to the defense Jones, within the meaning of Brady, Giles & Giglio within 14 days of Jones's arraignment under Local Rules 116.1 (a) (5) 1990 & 116.-1 (c);

**Order**, the Government now to comply with it's automatic obligation to hand over all "exculpatory & impeachment material Brady, Giles & Giglio evidence to Jones within 30 days of this Court's

14

**Order,** including the government's Fed.R.Crim.P. Rule 16, Discovery/ Inventory Letter showing core exculpatory & impeachment evidence;

**Deem,** prosecutor's failure to comply with its automatic disco-very obligation as prosecutorial misconduct that violated Jones's Due Process under the 5th Amendment & Jury Trial under the 6th Am-endment; **Deem,** Jones's plea of guilty as not being "Intelligent" because of the above egregious misconduct.

[46]                    **Ground Three**

The District Court & Government Committed Reversible "Alleyne, Stirone, IN Re Winship, O'Brien, Ring, Cunningham, Jones, Apprendi & Hamling errors" by failing to find Jones's extra 10 year Enhance-ments "Beyond A Reasonable Doubt" Standard of Proof & **Not** by the mere preponderance of the evidence low standard of proof, violates 5th Amendment's Due Process & 6th Amendment's Jury Trial Right & 5th & 6th Amendment's Indictment & Notice Clauses.

[47]               **Memorandum of Law In Support**

The Court when ruling on Jones's unindicted enhancements by the mere preponderance of the evidence low standard of proof  contrary to prevailing United States Supreme Court's case law authorities: O'Brien, 130 S.Ct. at 2174 (citing Hamling v. United States 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) and Jones v.-United States, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

[48]  The Supreme Court explained in O'Brien, that "[e]lements of a crime must be first charged in an indictment and second, pro-ved to a Jury "Beyond A Reasonable Doubt."

[49]  Jones, clearly & concededly relies on O'Brien, Hamling & Jones's logic as well as: Stirone v. United States, 361 U.S. 212,

15

4 L.Ed.2d 252, 80 S.Ct. 270, decided Jan. 11, 1960.

[50]  Stirone, held in relevant part that: "after an indictment has been returned its charges may **not** be broadened through amendment EXCEPT by the Grand Jury itself."

[51]  A Federal Court **cannot** permit a defendant (Jones) to be tried on charges that are **not** made in the indictment against him (Jones)."

A variation between indictment and proof is more than a variance between pleading and proof, and **cannot** be dismissed as harmless error, where (Jones's) substantial rights to be tried only on charges presented in an indictment returned by a Grand Jury.

[52]  The purpose of this requirement of the Fifth Amendment that a man (Jones) be indicted by a Grand Jury is to limit his Jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting Attorney or Judge.

[53]  This purpose is defected by a device or method which subjects the defendant (Jones) to prosecution for an act which the Grand Jury did **not charge** Jones's 10 year Enhancements.

[54]  All the Court's Enhancements of 10 years against Jones are separate "elements" of a crime have to be charged in the indictment, and neither is surplusage nor can it be treated as such.

[55]  A Defendant/ Petitioner: Jones's right under the 5th Amendment to have the Grand Jury make the charge (the Court's 10 year enhancements) are separate elements of a crime), on its own Judgment is a substantial right which **cannot** be taken away with or without Court Amendment of the Indictment & or Complaint.

See Berger v. United States, 295 U.S. 78, 79 L.Ed. 1314, 55

16

S.Ct. 629.

The crime charged here is a felony and the 5th Amendment requires that prosecution begun by indictment.

[56] Stirone, which has never been disapproved, stands for the rule as well as the 5th & 6th Amendment's Indictment & Notice Clauses.

United States v. Norris, 281 U.S. 619, 622, 74 L.Ed. 1076, 1077, 50 S.Ct. 424. CF Claytt v. United States, 197 U.S. 207, 219, 220 49 L.Ed. 726, 730, 731, 25 S.Ct. 424, yet this Court in Jones, did unlawfully & unconstitutionally permit this.

[57] Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error.

In Jones, he was convicted & sentenced to an extra 10 years enhancement's the Grand Jury never made against him.

This was fatal error. See CF Cole v. Arkansas, 333 U.S. 196, 92 L.Ed. 644, 68 S.Ct. 514; De Jonge v. Oregon, 299 U.S. 353, 81 L.Ed. 278, 57 S.Ct. 255.

[58]                    **Relief Requested**

Jones, respectfully requests this Court to order the following: **Deem,** sua sponte, that this Court erroneously enhanced Jones's setence an extra 10 years; **Order,** this sentence to be reversed, vacated & remanded back to the district court to resentence Jones to 10 years & 3 years supervised release because of all of the above mitigating factors.

17

[59]                              Ground Four

The District Court & Government Committed Reversible "Sentencing Error" as Jones **did** **not** **&** **could** **not** have made a knowingly & intelligent plea of guilty.

Since the government **did** **not** hand over all exculpatory & impeachment Brady, Giles & Giglio evidence to Jones **within 14 days of Jones's arraignment under Local Rules 116.1(a)(5) 1990 & 116.1(c),** specifically concerning all CW-1 through CW-7's, now publicly known critical murderous witnesses, against Jones, in violations of Brady v. United States, 397 U.S. 742, 748, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Because this issue Ground Four is clearly inextricably intertwinded with Grounds 1, 2, & 3, the Discovery violations will not be repeated, as Jones, clearly adopts the logic in Grounds One, Two & Three, supra.

Hence, a finding of impermissible conduct by the government is a necessary but **not** a sufficient condition for the success of an involuntariness argument.

The Petitioner: Jones, also must & has clearly shown a reasonable probability that, but for the misconduct he (Jones) would not have plead guilty & insisted on going to trial, had the government specifically handed over all of the core exculpatory & impeachment material evidence specifically concerning CW-1 through CW-7's now publicly know as: Morales, Tuten, Smith, Clark, Burkes, Coleman & James concerning their admitted to serial acts of murder & mayhem both the Government & Court speaks about on Public Records. See Document: Government's Feb.9,2013, ₧3 Justifications, etc.   ·Exhibit ¥

[60] USA v. Jones, #12-CR-560-RBK. (D.New Jersey/Camden), Sentencing Transcripts filed 2-13-2013, page 15 lines 10-19, in support herein. Exhibit.       18

[61] Also Government's submissions dated Feb. 9, 2013, page 3, and Government's supplemental sentencing memorandum, sent to Judge: Kugler by AUSA: Patrick Askin & Justifications for the recommended sentence in support.

[62] For purposes of this standard, a reasonable probability is a probability sufficient to undermine confidence in a belief that the Petitioner: Jones would have entered a plea.

[63] This Court charged with determining the existence of a reasonable probability that a defendant (Jones) would have insisted on a trial in the absence of government misconduct supra, must take an objective approach.

[64] The elementary question is whether a reasonble defendant (Jones) standing in the petitioner's (Jones's) shoes would likely have altered his decision to plead guilty had the prosecution made a clean breast of the above concealed evidence in its possession.

[65] Because a multiplicity of factors may influence a defendant's (Jones's) decision to enter a guilty plea, a Court attempting to answer this question must use a wide-angled lens.

[66] Relevant factors include, but are not limited to:
(i) Whether the sequestered evidence would have detracted from the factual basis used to support the plea;
(ii) Whether the sequestered evidence could have been used to impeach a witnesses: (CW-1 through CW-7's now publicly known as: Morales, Tuten, Smith, Clark, Burkes, Coleman & James), whose credibility may have been out-come-determinative;
(iii) Whether the sequestered evidence was cumulative of other evidence already in the defendant's possession;

19

(iv) Whether the sequestered evidence would have influenced Counsel's recommendation as to the desirability of accepting a particular plea bargain; and

(v) Whether the value of the sequestered evidence was out-weighed by the benefits of entering into plea-agreement.

[67] In the context of the District Court's determination that the Government's failure to produce the above exculpatory evidence was material to the Petitioner: Jones's decision to plead guilty, the Appellate Court reviews the District Court's ultimate determination de novo but accepts its subsidiary factual findings so long as they are not clearly erroneous.

[68] Impeachment evidence is not considered cumulative so long as it provides the defendant with a new method for impeaching an already (CW-1 through CW-7's) see supra, impeachable witnesses.

[69] Although **the prejudice prong** of the involuntariness inquiry requires the defendant (Jones) to show a reasonable probability that he would have proceeded to trial as opposed to a reasonable probability that he would have received a more favorable plea bargain, evidence that defense counsel would not have recommended acceptance of the proffered plea agreement tends to support that conclusion (regardless of the lawyers advice as to how to proceed thereafter).

[70] It is axiomatic that the government must turn square corners when it under takes a criminal prosecution.

This axiom applies regardless of whether the target of the prosecution is alleged to have engaged in the daintiest of white-collar crimes or the most heinous of underworld activities.

It follows that Courts must be scrupulous in holding the government to this high standard as to sympathetic and unsympathetic defendants alike.

This case in Jones, before us plays out against the backdrop of these aphorisms, see supra.

[71]                    **Relief Requested**

Jones, respectfully requests the following relief from this Court: **Deem,** Jones's plea of guilty was not intelligent & was involuntary because of the government's failure to hand over all core exculpatory & impeachment evidence concerning its CW-1 through - CW-7's witnesses to Jones within 14 days of Jones's arraignment **within the meaning** of Brady, Giles & Giglio, as required under Local Rules: 116.1 (a) (5) 1990 & 116.1 (c), within 14 days of Jones's arraignment.

**Order,** in arriving at this result, this Court relied principally on the rule announced in Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) & under: the operation of the rules announced in Brady v. United States, 397 U.S. 742, 748, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**Order,** a new trial or in the alternative a more favorable plea-agreement under  Fed.R.Crim.P. Rule 11- C- 1- C of 10 years & 3-years supervised release.

[72]                    **Ground Five**

Jones's Trial/ Sentencing Counsel was clearly & concededly Ineffective Assistance of Counsel for intentionally failing to hold the Government to its automatic obligation to hand over all exculpatory & impeachment material evidence within the meaning of

21

Brady, Giles & Giglio, within 14 days of Jones's arraignment & to object & preserve issues concerning Grounds 1, 2, 3, & 4 supra violated the 6th Amendment's Right to have Effective Assistance of Counsel.

[73]        **Memorandum of Law In Support**

The United States Supreme Court has interpreted the guarantee of a fair trial in the Sixth Amendment of the United States Con-stitution to encompass the right to effective assistance of counsel

See Strickland v. Washington, 466 U.S. 668, 684-85 (1984).

[74] Accordingly, Petitioner: Jones's Counsel's failure to provide adequate legal assistance deprived Jones of the Constitu-tional Right to Counsel. Id at 686.

[75] The benchmark for Judging any claim of ineffectiveness must be whether Counsel's conduct so undermined the proper functioning of the adversarial process that the trial counsel **cannot** be relied on as having produced a just result. **Id**.

[76] Jones, clearly established his claims of ineffective ass-istance of counsel, & has demonstrated that: (1) in light of all the circumstances specifically described in issues raised in Grounds 1, 2, 3, & 4 supra, his Counsel's performance was outside the "wi-de range of professionally competent assistance (due inpart to the above specifically stated egregious governmental misconduct raised in grounds 1, 2, 3, & 4 supra, hampered his effective de-fense) and, (2) Petitioner: Jones's defense was so prejudiced by his Counsel's errors that there is a **reasonable probability** that, but for his Counsel's deficient representation, the result of the proceeding would have been different much more favorable to (Jones),

22

**Id.** at 687-89. See supra.

[77] **Relief Requested**

Jones, respectfully requests the following relief from this Court:

**Deem,** Jones's Counsel as ineffective assistance concerning issues presented in Grounds: 1, 2, 3, & 4, supra; **Order,** appointment of new counsel.

[78] **Conclusion**

WHEREFORE, for all of the above specifically stated reasons Petitioner: Jones, respectfully requests the following relief from this Honorable Court: **Grant,** this instant Writ of Habeas Corpus; **Order,** appointment of Counsel, and **Order,** a meaningful evidentiary hearing; **Order,** the Government/ Respondents to hand over all its concealed exculpatory & impeachment evidence to Jones, within 30 days of this **Order; Deem,** Jones's Counsel Ineffective Assistance; **Order,** Jones's sentence to be reversed, vacated & remanded back to this District Court to resentence Jones to preclude 10 years from Jones's sentence, as the 10 extra years enhancements was **not** stated in an indictment & not found or proven beyond a reasonble doubt by a Jury, the District Court or Government; **Order,** Jones a new trial & or in the alternative a much more favorable plea- agreement under Fed.R.Crim.P. Rule 11 c-1-c of 10 years & 3 years supervised release, all to be conducted telephonically to save this Court's & Governmental precious & scarce resources.

Signed under 28 U.S.C. Section 1746, under the penalties of Perjury the above & the following to be true, correct & complete. Pro-se.

23

Respectfully Submitted By
Petitioner/ Claimant/ Affiant:

_____
Jeffrey W. Jones
41452-050
FCI McDowell
P.O. Box 1009
Welch, West Virginia
24801

## Certificate of Service

I, Petitioner: Jones, hereby Certify that this Section 2255
Motion/ Memorandum of law was sent via: United States Mail/ Post-
aged Prepaid on this_____ **day of July**, 2014, to the following:

Clerk of Courts                           AUSA: Patrick C. Askin
Clerk's Office                            U.S. Attorney's Office
U.S. District Court                       District of New Jersey
United States Courthouse                  United States Courthouse
401 Market Street                         401 Market St.
Camden, New Jersey                        4th Floor
08101                                     P.O. Box 2098
                                          Camden, NJ 08101

_____
Jeffrey W. Jones

24

Document 19

1          UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
2

3      _____

4      UNITED STATES OF AMERICA

                -vs-                    CRIMINAL NUMBER:
5

       JEFFREY JONES,
6                                           12-560

               Defendant.
7

           Mitchell H. Cohen United States Courthouse
8          One John F. Gerry Plaza
           Camden, New Jersey 08101
9          February 13, 2013

10     B E F O R E:          HONORABLE ROBERT B. KUGLER
                             UNITED STATES DISTRICT JUDGE
11

12         A P P E A R A N C E S:

13     PAUL J. FISHMAN, UNITED STATES ATTORNEY
       BY: PATRICK C. ASKIN
14     ASSISTANT UNITED STATES ATTORNEY

15     EDWARD PLAZA, ESQUIRE
       ATTORNEY FOR THE DEFENDANT
16

17

18                         Exhibit 1

19

20

21

22

23

24     Certified as true and correct as required by Title 28, U.S.C.,
       Section 753
25              /S/ Carl J. Nami

1  understand that you and your client would agree to this kind

2  of a travel and residency restriction.

3      MR. PLAZA:  Can we discuss it with Mr. Jones?

4          (Brief pause)

00:59  5      MR. PLAZA:  I discussed it with Mr. Jones, your

6  Honor, and we are in agreement with these kinds of

7  restrictions.

8      THE COURT:  So he understands that for 12 years he

9  cannot enter Camden, Burlington or Philadelphia Counties

00:59  10  without prior approval.

11      MR. ASKIN:  And Gloucester.

12      THE COURT:  And Gloucester without prior approval of

13  U. S. Probation.

14      MR. PLAZA:  That's correct, your Honor.  You

00:59  15  understand that, sir?

16      THE DEFENDANT:  Yes.

17      THE COURT:  All right.  Thank you.  All right, under

18  Guideline 6(b)1.2(c) it says in the case of a plea agreement

19  that includes a specific sentence, the court may accept the

01:00  20  agreement if the court is satisfied that either that, one, the

21  agreed sentence is within the applicable Guideline range or

22  two (a) the agreed sentence outside the applicable Guideline

23  range for justifiable reasons and (b) those reasons are set

24  forth with specificity in the statement of reasons form.

01:00  25      I don't think there's any dispute that this is a total

Exhibit 1

1  offense level of 43 and a criminal history category of three

2  which yields under the Guidelines a life sentence obviously.

3  We're not sentencing to life if I accept this plea agreement.

4  So I need the five justifiable reasons.  Having heard the

5  argument of counsel, having read your briefs, I do find that

6  that you present justifiable reasons.  I will accept this plea

7  agreement.  I will adjudge him guilty under this plea

8  agreement and I will follow the plea agreement in this case.

9  The justifiable reasons, I think for lack of a better term, is

10  that this is from the government's perspective at least the

11  best of a lot of bad options.  They've set forth difficulties

12  they would have in trying to prove what is a rather old crime

13  at this point.  He does not appear in any wiretaps or other

14  kind of direct evidence.  They would have to rely entirely on

15  testimony of murderers and drug dealers in order to make this

16  case, and not that they can't do it.  I've seen it done.

17  We've all seen that done.  I'm not terribly impressed with the

18  government's argument that they would rather spend the

19  resources that it would take to prove this case elsewhere.  I

20  mean spending resource is what the prosecuting authorities

21  have to do in the right circumstances.  But it is a difficult

22  case to prove.  I'm also impressed by the fact that he has and

23  both sides agree that he has or already served seven or eight

24  years in prison for some of the underlying substantive crimes

25  and one of them is conspiracy.  I'm also impressed that he

01:00
01:00
01:01
01:01
01:01
01:02

*Exhibit*

United States District Court
Camden, New Jersey

1   Number one is the one we just discussed.  You are prohibited

2   from traveling to or remaining in or residing in the Counties

3   of Burlington, Camden or Gloucester or Philadelphia without

4   prior approval of the United States Probation Office.  You

01:06   5   also shall refrain from and associating with or being in the

6   company of any members of any street gang, outlaw motorcycle

7   gang, traditional or nontraditional organized crime groups or

8   any other identified threat group.  You are restricted from

9   frequenting any location where members of said organizations

01:07   10   are known to congregate or meet.  You shall not have in your

11   possession any item or paraphernalia which has any

12   significance or is evidence of affiliation with any of these

13   gangs or organizations.  I do find that you do not have the

14   ability to pay a fine.  Therefore, the fine is waived.

01:07   15   However, you must pay a special assessment to the United

16   States of a hundred dollars which is due immediately.

17         I'll remand him to the custody of the U. S. Marshal.

18   I'll advise him that he has a right to appeal.  He must appeal

19   within 14 days of today.  I will recommend to the Bureau of

01:07   20   Prisons that they designate a facility for service of this

21   sentence as near as possible to his home address.

22         Anything further in this matter?

23         MR. ASKIN:  No, Your Honor.

24         MR. PLAZA:  No, your Honor.

01:08   25         THE COURT:  Thank you, everybody.

*Exhibit*

1          MR. ASKIN:   Thank you, your Honor.

2          MR. PLAZA:   Thank you.

3          THE DEFENDANT:   Thank you.

4          (The matter was then concluded)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Patrick C. Askin, AUSA
*patrick.askin@usdoj.gov*

*401 Market Street, Fourth Floor*    (856) 757-5026

*Camden , NJ 08101*

February 9, 2013

VIA ELECTRONIC MAIL AND HAND DELIVERY
Hon. Robert B. Kugler.
United States District Judge
Mitchell H. Cohen Courthouse
Chambers 6040
P.O. Box 889
One John F. Gerry Plaza
Camden, NJ 08101

      Re:   United States v. Jeffrey Jones, Criminal No.  12-560-01 (RBK)

Dear Judge Kugler:

      Please accept this letter brief in lieu of a more formal submission summarizing the United States' position as to the appropriate sentence to be imposed on Jeffrey Jones in this case.  On August 22, 2012, the defendant appeared before the Court and pled guilty to a one count Information, Crim. No. 12-560-01 (RBK), which charged him with conspiracy to distribute more than 280 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 846.  PSR, paragraph 10. The defendant is scheduled to appear before the Court for a sentencing hearing on **Wednesday, February 13, 2013 at 9:30 a.m.**

      After United States v. Booker, 543 U.S. 220 (2005), sentencing involves a three-step process:

      "(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

      "(2) ... [courts] must formally rule on the [departure] motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation ....

      "(3) Finally, [courts] are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose ...."

United States v. Ali, 508 F.3d 136, 142 (3d Cir. 2007).



and to review the sentencing memoranda of counsel for the parties. The Court asked counsel for the parties to address in their sentencing memoranda their respective reasons for recommending the agreed upon sentence to assist the Court in determining whether the sentence required by the plea agreement (if accepted by the Court) is an appropriate sentence in this case.

In United States v. Bernard, 373 F.3d 339, 343-44 (3d Cir. 2004), the Third Circuit held that "a sentencing court has the authority to accept a plea agreement specifying a sentence that falls outside the applicable guideline range. Once the District Court has accepted such an agreement, it is binding." See also United States v. Clayborn, 221 Fed. Appx. 126 (3d Cir. 2007), citing Bernard.

In a plurality opinion in Freeman v. United States, 131 S.Ct. 2685 (2011), the Supreme Court addressed the procedure and standards to be used by the District Court in evaluating a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C):

"Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the Court once the Court accepts the plea agreement but the governing policy statement confirms that the Court's acceptance is itself based on the Guidelines. See U.S.S.G. Section 6B1.2. That policy statement forbids the District Court to accept an 11(c)(1)(C) agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range. The commentary to Section 6B1.2 advises that a court may accept an 11(c)(1)(C) agreement "only if the Court is satisfied either that such sentence is an appropriate sentence within the applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." Id at 2692, citing Stinson v. United States, 113 S.Ct. 1913 (1993).

### JUSTIFICATIONS FOR THE RECOMMENDED SENTENCE

In this case, the government believes that there are justifiable reasons for the Court to accept the plea agreement and sentence the defendant outside the guideline range of life imprisonment. These reasons include the fact that the government's case is largely based on the testimony of cooperating witnesses, who are themselves drug traffickers, many of whom have admitted that they have committed acts of violence (including drug related murders), in furtherance of their criminal objectives, and who are testifying in hopes of receiving a reduced sentence. Their credibility will certainly be aggressively challenged by the defense at trial.

Unlike most large scale, long term drug investigations, the evidence against the defendant, Jeffrey Jones, is not in any substantial part, based on wiretap recordings or any other audio and/or video recordings, which would by themselves establish his drug trafficking activities. The evidence also does not include any direct purchases of narcotics from Jones by undercover detectives or confidential informants. In short, the evidence is based largely on

3



historical testimony by cooperating witnesses, seven of whom are referenced in the affidavit supporting the criminal complaint in this matter. These witnesses are corroborated by arrests of Jones and his unindicted co-conspirators over the years by state and local law enforcement officers and the seizure of narcotics, drug proceeds, firearms, cell phones and other important evidence, that would establish that Jones was leading a large scale drug organization operating in several neighborhoods in Camden and which distributed over 150 kilograms of crack cocaine (cocaine base) between its inception in 1990 and Jones' arrest on federal firearms charges in September 2007.

   While the government believes that a trial in this matter would very likely result in Jones' conviction on the drug conspiracy charge (and possibly other related charges which might be filed against him absent a plea in this case), there are litigation risks associated with any trial and this type of case in particular, which the government seeks to avoid. While the chances of an acquittal or hung jury/mistrial at trial are in our view quite slim, the chances are not zero. If Jones were to proceed to trial, the government would expect his counsel to offer a vigorous defense of Jones, which would possibly include a multiple conspiracies defense and a related statute of limitations argument. These defenses could be asserted even while the defense was conceding that Jones in the past had engaged in drug trafficking activities. While the government believes that it could prove the conspiracy charged in the information was the one overarching conspiracy that Jones participated in and that the conspiracy and his conduct in furtherance of it continued into the statute of limitations period (as evidenced by his September 27, 2007 arrest for conspiracy to possess firearms with 3 of his unindicted co-conspirators), these are additional issues that the government would have to respond to at trial, in addition to just offering evidence to prove the basic elements of the conspiracy charges beyond a reasonable doubt.

   Another consideration for the government is that the case is "old" in the sense that the investigation of Jones and his criminal associates began in 2004 and the most recent overt acts and allegations against Jones that would be part of the case as it stands now occurred in September 2007. By the time this case was ready for trial, the government would anticipate that the most recent criminal acts committed by Jones were events which had occurred at least 6 years earlier and the government, to prove its theory of the case, would attempt to establish the formation of the conspiracy back in the early 1990s, over 20 years earlier. As the Court and any practicing trial attorney knows, the passage of time before a witness testifies about an event, can lead to the witness having trouble recalling the specific facts or becoming confused, particularly when cross examined. This can lead even a witness with a relatively good memory to be less effective and convincing to the jury as the government tries to establish key facts in the case. [1]

---

  [1]For an example of a case where the District Court, in evaluating whether to accept a 11(c)(1)(C) plea, took into consideration the impact on the victim/witness and the likelihood of conviction at trial, see United States v. Stone, 374 F.Supp. 983 (D. New Mexico, 2005).

4



agreement. Even if the government was successful in establishing a guideline of life imprisonment (Level 43 or higher), the District Judge assigned to the case would have had broad discretion to grant a downward departure or variance to a sentence below the guideline sentence of life imprisonment.

### CONCLUSION

The government submits that the reasons set forth in this memorandum, combined with those presented to the Court in the Defendant's Sentencing Memorandum of January 31,2013, provide the Court with *justifiable reasons* for accepting the plea, despite the fact that the agreed upon sentence is below the applicable guideline range. See U.S.S.G. Section 6B1.2(c)(2).

Accordingly, the Court should sentence the defendant to a term of 240 months imprisonment and to a period of 12 years of supervised release, following the period of imprisonment. The defendant should also be required to pay a special assessment to the Court of $ 100.

Additionally, the government submits that the Court can and should impose whatever additional conditions of supervised release it deems necessary to protect the public and assure that Mr. Jones is compliant. In our view, these conditions of supervised release should include a condition prohibiting Jones' entry into southern New Jersey (Camden, Gloucester and Burlington Counties) and Philadelphia, PA (Philadelphia County), while on supervised release without the express approval of his Probation Officer or the Court and a prohibition on his associating himself with known felons or members of established criminal organizations, such as street gangs.

Respectfully submitted,
PAUL J. FISHMAN
United States Attorney

/s/ Patrick C. Askin
By: PATRICK C. ASKIN
Assistant U.S. Attorney

cc:   Edward Plaza, Esq.
      Joshua R Macavoy, USPO
      (Via email)

Jeffrey W. Jones
41452-050
Federal Correctional Institution
(FCI) McDowell
P.O. Box 1009
Welch, West Virginia
24801

RECEIVED

JUL 25 2014

AT 8:30_____M
WILLIAM T WALSH CLERK



Clerk of Courts
Clerk's Office
U.S. District Court
United States Courthouse
District of New Jersey
Camden Division
401 Market Street
Camden, New Jersey
08101

Re: Jones v. USA,
civil action #_____.
USA v. Jones,
criminal action number:
12-cr-560-RBK.
(D.N.J./Camden).

Honorable: Robert B. Kugler,
U.S. District Judge.

July 22 , 2014.                    "Legal Mail"